**FILED**

**April 22, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0561 – *State ex rel. Dodrill Heating & Cooling, LLC v. The Honorable Maryclaire Akers, Judge of the Thirteenth Judicial Circuit of West Virginia; and Jerry and Pamela Whittington.*

WOOTON, J., concurring, in part, dissenting, in part:

This action presented two issues for this Court's resolution: (1) whether the Respondents, plaintiffs-below, lacked standing to assert a claim under West Virginia Code § 46A-2-127(g)[1]; and (2) whether the circuit court's order certifying this class action properly analyzed the predominance and superiority requirements for class certification under West Virginia Rule of Civil Procedure 23(b)(3). I concur with the majority's resolution of the first question, concluding that Petitioner's assertion that the Respondents lacked standing was without merit. However, I disagree with the majority's resolution of the second question, concluding that the circuit court failed to properly analyze predominance and superiority under the strictures of this Court's holding in *State ex rel.*

---

[1] West Virginia Code § 46A-2-127 reads, in pertinent part,

> No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> [. . .]
>
> (g) Any representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation[.]

1

*Surnaik Holdings of WV, LLC v. Bedell*, 244 W. Va. 248, 852 S.E.2d 748 (2020). In my review of the circuit court's order, I believe the circuit court performed a sufficient substantive analysis to survive this Court's scrutiny, and that the majority's insistence on strict adherence to *Surnaik* "exalts form over substance[.]" *Id*. at 267, 852 W. Va. at 767 (Workman, J., dissenting). For this reason, I concur, in part, and dissent, in part.

The majority's decision rests on our holding in Syllabus Point 7 of *Surnaik* that

> [w]hen a class action certification is being sought pursuant to West Virginia Rule of Civil Procedure 23(b)(3), a class action may be certified only if the circuit court is satisfied, after a thorough analysis, that the predominance and superiority prerequisites of Rule 23(b)(3) have been satisfied. *The thorough analysis of the predominance requirement of West Virginia Rule of Civil Procedure 23(b)(3) includes (1) identifying the parties' claims and defenses and their respective elements; (2) determining whether these issues are common questions or individual questions by analyzing how each party will prove them at trial; and (3) determining whether the common questions predominate.* In addition, circuit courts should assess predominance with its overarching purpose in mind — namely, ensuring that a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. This analysis must be placed in the written record of the case by including it in the circuit court's order regarding class certification.

*Id*. at 250, 852 S.E.2d at 750, syl. pt. 7 (emphasis added). As noted above, the majority concludes that the circuit court did not adhere to this holding insofar as it allegedly failed to include a "thorough" analysis of predominance and superiority. However, I find that

conclusion to be both flatly wrong, and untenable in light of the circuit court's 22-page order.

As the circuit court recognized, the central legal issue in the case below is whether Dodrill Heating & Cooling, LLC, violated the West Virginia Consumer Credit Protection Act, specifically West Virginia Code § 46A-2-127(g), by including language in its contracts and work orders which threatened the addition of collection and attorney's fees to the customer's balance if a collection action were initiated against them. The circuit court identified the offending provisions, finding that Dodrill's contracts state, "Buyer agrees to any reasonable attorney or collection fees incurred by seller in securing payment for this contract[,]" and that the work orders state that "[i]n the event that collection efforts are initiated against [Buyer], [Buyer] shall pay for all associated fees at the posted rate as well as all collection fees and reasonable attorney fees." Ultimately, the circuit court determined that some 1,700 individual customers signed the contract, while 7,500 signed the work order, bringing the putative class to more than 9,000 individual persons.

Respondents, plaintiffs below, specifically challenged the inclusion of this language in the contracts Dodrill required them to sign, alleging West Virginia Code § 46A-2-127(g) plainly prohibits threats to consumers that the balance on their account may be increased by the cost of attorney's fees and/or collection costs. As such, the central question before the circuit court — and the only issue upon which class certification was based — was "whether Dodrill violated W. Va. Code § 46A-2-127 by communicating to

3

consumers that any obligation which they may owe to it can be increased by attorney fees and collection costs." That is a straightforward question of law, and is, in fact, the only question central to every putative class member's cause of action against Dodrill. Beyond this, assuming *arguendo* the mere threat of fees is a violation of the WVCCPA, it is also the *dispositive* question. How can there be any doubt that this question predominates over any individual claims of the putative class members? Yet, the majority inexplicitly ignores this natural conclusion and instead holds that the circuit court needed to expend more time explaining the obvious.

Relying on the circuit court's allegedly sparse discussion of predominance, the majority holds that the circuit court failed to undertake a thorough analysis of this factor. I strongly disagree. As stated above, the question before the circuit court was one purely of law, requiring no factual development and no weighing of the evidence — just a straightforward question: does the fee-threatening language included in Dodrill's contracts violate West Virginia Code § 46A-2-127(g)? This is a purely legal question, yet the majority insists that the circuit court's analysis was not sufficient because it "contain[s] none of the requisite analysis outlined in *Surnaik* as separate and apart from, and more exacting than a commonality analysis." What the majority means is that the circuit court failed to outline the parties' claims and defenses and their respective elements, or to analyze the proof necessary to establish those claims and defenses. *Surnaik*, 244 W. Va. at 258, 852 S.E.2d at 758.

In my reading of § 46A-2-127(g), there are only two elements that must be established to proceed: (1) whether Dodrill is a debt collector for purposes of the WVCCPA — a question readily answered by the Act itself in § 46A-2-122; and (2) whether the language in Dodrill's contracts threatens the addition of impermissible collection and attorney's fee — a question readily answered by looking at Dodrill's contracts. The claims and defenses are self-evident, and the proof necessary to establish them is already in the record of this case insofar as Dodrill has supplied its form contracts and a list of customers who have signed them. To require the circuit court to now enumerate these elements is an exercise in futility which achieves only one purpose: further delaying the resolution of these claims.

A similar problem plagues the majority's conclusion that the circuit court failed to properly address Rule 23(b)'s superiority requirement. In *Surnaik* we enumerated a number of factors this Court has deemed relevant in establishing whether a class action is superior to other forms of litigation, including "the size of the class, anticipated recovery, fairness, efficiency, complexity of the issues and social concerns involved in the case." *Surnaik*, 244 W. Va. at 263, 852 S.E.2d at 763 (internal citations omitted). We further cautioned that "consideration must be given to the purposes of Rule 23, '"including: conserving time, effort, and expense; providing a forum for small claimants; and deterring illegal activities."'" *Id.* (internal citations omitted).

The circuit court adequately addressed all but one of the enumerated superiority factors: anticipated recovery. Though the circuit court may have made a poor drafting choice in combining its analyses of predominance and superiority, it cannot be denied that the circuit court's intertwined analysis: (1) identifies a class of 9,000 putative members, which absent a class action would require the filing of 9,000 individual suits; (2) finds that the putative class members all share identical — and from the above analysis, straightforward — legal questions; (3) concludes that "judicial efficiency and public policy" warrant certifying the class; and (4) that management of any remaining individual questions can be achieved via subclasses and bifurcation. Though the circuit court never used the word "superior" in this analysis, what more could have been done to establish that a class action was clearly the superior form of litigation in this matter? Moreover, even had the circuit court not done this analysis, it is obvious that class litigation is far superior to 9,000 individual claims raising identical issues; accordingly, if the circuit court's failure to so state is an error, it is not of such magnitude as to warrant reversal and remand.

I am greatly concerned that this Court's decision in *Surnaik* portends an imprudent path which will render class certification a far more arduous process, and which will create — as illustrated by the case at bar — senseless delays predicated on strict adherence to form over substance. I do not think this Court intended *Surnaik* to require the courts of this State to waste judicial time and resources stating the obvious; to the extent that *Surnaik* does so, I believe it is a serious deviation from our long-standing Rule 23

jurisprudence and, as such, should be limited in its application. For the foregoing reasons, I respectfully concur, in part, and dissent, in part.